## CONRAD *v.* KRAUS.

PATENTS; INTERFERENCE; DILIGENCE; REDUCTION TO PRACTICE.

Where in an interference involving the invention of a vapor electric appa-
ratus, the question was whether one of the parties had shown dili-
gence in reducing to practice by filing his application, and it
appeared that he conceived the invention not later than January,
1909, but did not file his application until December 10, 1910,
spending the interval in experimental work with the facilities of
his assignee, an electric company, at his command, it was *held* that
he was lacking in diligence, and that his adversary was entitled to
an award of priority.

No. 986.  Patent Appeals.  Submitted November 10, 1915.  Decided De-
                    cember 6, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Wesley G. Carr, Mr. Otto S. Schairer,* and *Mr. David C.
Davis* for the appellant.

*Mr. Odin Roberts* and *Mr. A. V. Cushman* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the decision of the Commissioner of
Patents in an interference proceeding awarding priority of in-
vention to appellees, Charles A. Kraus and Roy D. Mailey, for
a vapor electric apparatus.

The issue is sufficiently set forth in the following counts.

"1. A vapor converter comprising a conducting casing, and
a vaporizable electrode within and insulated from the casing."

"3. A vapor converter comprising a conducting casing, a vaporizable electrode within and insulated from the casing, a conductor projecting from one side of the casing into the vaporizable electrode at the opposite side thereof, and an insulating sheath for said conductor."

"5. A vapor converter comprising a conducting casing, a vaporizable electrode within and insulated from the casing, a conductor projecting from one side of the casing into the vaporizable electrode at the opposite side thereof, and an insulator surrounding the conductor, and separating it from the casing, and also extending into the vaporizable electrode."

"12. In a vapor electric apparatus, a closed metal container, anodes suspended therein, a mercury cathode and a cup to contain the latter composed of insulating material lodged in the bottom of the container."

The tribunals of the Patent Office have unanimously held that appellant, Frank Conrad, has not shown a reduction of the invention to practice prior to his filing date. With this ruling we agree. He was accorded a date of conception not later than January, 1909, but he did not file his application until December 10, 1910. For three years he was engaged in experimental work, with all the facilities of the Westinghouse Electric Company, his assignee, at his command. The case turned below on the question of appellant's lack of diligence. The Commissioner held that he had not been diligent, and awarded priority to appellees. We have examined the evidence with care, and have reached a conclusion in accord with the Commissioner's decision.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*